UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KENNETH OWEN SPEARS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITIZENS BANK, NATIONAL ASSOCIATION, )<br>)<br>Defendant. ) | Civil Action No. 4:24-cv-00012 |

## NOTICE OF REMOVAL

Defendant Citizens Bank, National Association ("Citizens" or "Defendant") pursuant to 28 U.S.C. §§ 1441 and 1446 files this Notice of Removal, removing this action to the United States District Court for the Eastern District of North Carolina. This action is properly removed to this court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction under U.S.C. 28 § 1332. In support, Citizens states as follows:

### I. UNDERLYING STATE COURT ACTION

1. On November 17, 2023, Plaintiff Kenneth Owen Spears, Jr. ("Plaintiff") instituted the underlying state court action styled Kenneth Owen Spears, Jr. *v. Citizens Bank, National Association,* Case No. 23-CVS-6758 in the Superior Court Division of Cumberland County (the "State Court Action") by filing Plaintiff's Verified Complaint (the "Complaint") against Citizens (**Exhibit A**).

2. Citizens was served with the Complaint on December 26, 2023. Accordingly, this Notice of Removal is timely filed within thirty (30) days of the date of service pursuant to 28 U.S.C. § 1446(b).

## II. THE COURT HAS SUBJECT MATTER JURISDICTION

3. Plaintiff alleges purported claims of Violations of North Carolina's Unfair and Deceptive Trade Practices Act and North Carolina's Debt Collection Act, as well as claims for breach of contract and for injunctive relief. *See* Complaint ¶¶ 30-66. Although these claims are based on North Carolina state law, the entire action may be removed to the United States District Court for the Eastern District of North Carolina because there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4. Specifically, 28 U.S.C § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."

5. Plaintiff is a North Carolina resident. *See* Compl. ¶ 2.

6. Citizens is a national banking association. In *Wachovia Bank v. Schmidt,* 546 U.S. 303 (2006), the Supreme Court held that, for federal diversity purposes, a national banking association is a citizen of the state where its main office is located as set forth in its articles of association. *See Wachovia Bank*, 546 U.S. at 307 (citing 28 U.S.C. § 1348). Citizens' main office, as set forth in its articles of association, is in Rhode Island. *See* Compl. ¶ 3. Therefore, Citizens is a citizen of Rhode Island for diversity purposes.

7. Accordingly, there is complete diversity between the parties for purposes of Diversity Jurisdiction.

8. In the Complaint, Plaintiff demands damages of $25,000, which he seeks to treble under N.C.G.S. §75-16, civil penalties not less than $500 nor greater than $4,000 per each violation, plus attorneys' fees and costs. *See* Compl. ¶ 52.

9. "When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to" the plaintiff. *See R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001); *Quality Labels & Packaging, Inc. v. Wells Fargo Bank*, 1:19CV210, 2019 WL 2992219, at *3 (M.D.N.C. Jul. 9, 2019) (same). Here, Plaintiff's demand for $25,000, trebled under N.C.G.S. §75-16, civil penalties, and plus attorneys' fees places the amount in controversy over $75,000.

10. Additionally, Plaintiff seeks injunctive relief to enjoin the foreclosure of the subject property and restraining Citizens from continued collection on the loan. *See* Compl. ¶¶ 56-66.

11. When injunctive or declaratory relief is sought, the amount in controversy is determined by the value of the object of the litigation. *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013); *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

12. According to Cumberland County, the value of the subject property, 2226 Westhaven Drive, Fayetteville, North Carolina 28303, is $344,200 (**Exhibit B**).

13. Accordingly, based on both the damages pled and the value of the object of the litigation, the matter in controversy exceeds the $75,000 limit.

### III. THE VENUE REQUIREMENT IS SATISFIED

14. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the State Court Action is pending.

## IV. DEFENDANT WILL GIVE NOTICE TO PARTIES AND TO THE DISTRICT COURT

16. Written notice of the filing of this Notice of Removal is being served on Plaintiff, and a copy of this Notice of Removal is being filed with the Clerk of Court for the District Court of Cumberland County in compliance with 28 U.S.C. § 1446(d) (**Exhibit C**).

## V. NON-WAIVER OF DEFENSES

17. Nothing in this Notice shall be interpreted as a waiver or relinquishment of any of Citizen's rights to assert any defense or affirmative matter, including, but without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) based on lack of personal jurisdiction and failure to state a claim.

## CONCLUSION

Defendant Citizens Bank, National Association, in conformity with the requirements of 28 U.S.C. §§ 1441 and 1446, removes the State Court Action to this Court. Citizens requests that this Court assume jurisdiction over this action as if it had originally been filed here, and that all further proceedings in the State court Action be stayed. Citizens further requests such other and further relief, special and general, at law and in equity, to which it may be justly entitled under the circumstances.

Dated: January 23, 2024

Respectfully submitted

CITIZENS BANK, NATIONAL ASSOCIATION

By: /s/ *Nishma Patel*
      One of Its Attorneys

Nishma Patel
1120 S. Tryon Street, Suite 900
Charlotte, North Carolina 28203
Phone 980.215.7797
Fax 980.215.7771
nishma.patel@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on January 23, 2024, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

> Matthew W. Buckmiller
> 4700 Six Forks Road, Suite 150
> Raleigh, North Carolina 27609
> *Counsel for Plaintiff*

> /s/ Nishma Patel
> *Counsel for Citizens Bank, National Association*